IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TOMMY RHOADES, et al. §
§
Plaintiffs, §
§ Civil Action No. 3:17-CV-2739-D
VS. §
§
ANTHONY GROSSMAN, et al. §
§
Defendants. §

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiffs Tommy Rhoades and Sharon Rhoades (the

"Rhoades") move the court to determine the applicability of Tex. Civ. Prac. & Rem. Code

Ann. § 18.001 (West 2015). For the reasons explained, the court concludes that § 18.001

applies in this case, and it sets deadlines for filing affidavits and controverting affidavits

under § 18.001.[1]

I

This is a suit by the Rhoades to recover from defendants Anthony Grossman

("Grossman") and Southeastern Freight Lines, Inc. for injuries they sustained when

Grossman rear-ended the Rhoades's vehicle. The Rhoades originally sued defendants in

Texas state court, alleging negligence claims under Texas law against both defendants.

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written
opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[]
issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."
It has been written, however, primarily for the parties, to decide issues presented in this case,
and not for publication in an official reporter, and should be understood accordingly.

Defendants removed the case to this court based on diversity jurisdiction. The Rhoades now

seek a determination that Tex. Civ. Prac. & Rem. Code Ann. § 18.001 applies in this case.

Defendants oppose the motion, contending that § 18.001 does not apply because it is a

procedural statute and directly conflicts with the Federal Rules of Evidence.

II

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in

diversity apply state substantive law and federal procedural law. *See Gasperini v. Ctr. for

Humanities, Inc.*, 518 U.S. 415, 427 (1996). Tex. Civ. Prac. & Rem. Code Ann. § 18.001(b)

provides:

> Unless a controverting affidavit is served as provided by this
> section, an affidavit that the amount a person charged for a
> service was reasonable at the time and place that the service was
> provided and that the service was necessary is sufficient
> evidence to support a finding of fact by judge or jury that the
> amount charged was reasonable or that the service was
> necessary.

Based on the current state of the law, the court concludes that § 18.001(b) is a substantive

provision of Texas law that applies in this case. *See, e.g., Gorman v. ESA Mgmt., LLC*, 2018

WL _____, at *___, No. 3:17-CV-0792-D, at *2-3 (N.D. Tex. Jan. 4, 2018)

(Fitzwater, J.); *Butler v. United States*, No. 3:15-CV-2969-M, at *3 (N.D. Tex. June 2, 2017)

(Lynn, C.J.) (order) (overruling objections to plaintiff's exhibits and holding that § 18.001(b)

applied in Federal Tort Claims Act ("FTCA") case governed by state substantive law);

*Bowman v. Cheeseman, LLC*, 2014 WL 11515575, at *1 (N.D. Tex. Dec. 9, 2014) (Godbey,

J.) (declining to strike § 18.001 affidavits and noting that Texas courts have indicated that

§ 18.001 "is more properly understood as a rule of sufficiency of the evidence than as a rule of evidence admissibility."); *Rahimi v. United States*, 474 F.Supp.2d 825, 829 (N.D. Tex. 2006) (Sanderson, J.) ("Were the court to find that section 18.001 embodies only state procedural law, it would deprive Plaintiff of means to avoid the significantly more expensive and time-consuming alternatives to proving damages which would otherwise be available in a personal injury action brought in a Texas state court."); *but see Holland v. United States*, No. 3:14-CV-3780, at *2 (N.D. Tex. July 21, 2016) (Lindsay, J.) (order) (granting motion to strike affidavits in FTCA case, and stating that "[s]ince *Rahimi*, however, the Texas Supreme Court has explicitly characterized Section 18.001 as 'purely procedural,'" and concluding that § 18.001(b) did not apply in FTCA case governed by state substantive law (quoting *Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011))).

To the extent that § 18.001(d) imposes deadlines for filing affidavits and controverting affidavits,[2] however, these provisions are clearly procedural, and this court is not bound to follow them. *See, e.g., Davis v. Dallas Cnty., Tex.*, 2007 WL 2301585, at *1 (N.D. Tex.

---

[2]Section 18.001(d) provides:

> The party offering the affidavit in evidence or the party's attorney must serve a copy of the affidavit on each other party to the case at least 30 days before the day on which evidence is first presented at the trial of the case. Except as provided by the Texas Rules of Evidence, the records attached to the affidavit are not required to be filed with the clerk of the court before the trial commences.

Tex. Civ. Prac. & Rem. Code Ann. § 18.001(d) (West 2015).

Aug. 10, 2007) (Fitzwater, J.) (addressing Tex. Civ. Prac. & Rem. Code Ann. § 33.004) ("Nor does the court 'suggest that the provisions of § 33.004 that impose time limitations on seeking leave or objecting to motions for leave would apply in a diversity case to circumvent a scheduling order that imposes other deadlines.'" (quoting *Womack v. Home Depot USA, Inc.*, 2006 U.S. Dist. LEXIS 39449, at *2-3 (N.D. Tex. Apr. 14, 2006) (Fitzwater, J.) (order))). Accordingly, the court orders that the Rhoades file any § 18.001 affidavit by the deadline for completing discovery. Defendants must file any controverting affidavit within 28 days of the date the Rhoades file the § 18.001 affidavit being controverted.

* * *

The Rhoades's motion to determine the applicability of Tex. Civ. Prac. & Rem. Code Ann. § 18.001 is granted to the extent the court concludes that § 18.001(b) applies in this case and sets deadlines for complying with the procedure under § 18.001.

**SO ORDERED**.

January 4, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE