IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMMY RHOADES, et al. | § |
| | § |
| Plaintiffs, | § |
| | § Civil Action No. 3:17-CV-2739-D |
| VS. | § |
| | § |
| ANTHONY GROSSMAN, et al. | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

Michael G. Hawkins ("Hawkins") moves to intervene as of right under Fed. R. Civ. P. 24(a)(2)[1] in this personal injury action by plaintiffs Tommy Rhoades and Sharon Rhoades (collectively, "the Rhoades") against defendants Anthony Gossman ("Gossman") and Southeastern Freight Lines, Inc. ("Southeastern Freight"). For the reasons that follow, the court grants Hawkins' motion.

I

The Rhoades's lawsuit arises from a motor vehicle accident. Hawkins maintains that, while driving on SH 114, he witnessed a hit-and-run accident; he pulled onto the shoulder of the road to offer assistance to the driver of the vehicle that had been hit; and, in the process, he was struck by the vehicle Gossman was operating.

The Rhoades filed this lawsuit seeking damages related to the motor vehicle accident.

---

[1] Although Hawkins' asserts in a header in his motion that he should be "Permitted" to intervene, Mot. at 2, it is clear that he is contending that he has the right to intervene.

Gossman and Southeastern Freight removed the case to this court. Hawkins now moves to intervene as a plaintiff, seeking recovery for his injuries against Gossman and Southeastern Freight. Gossman and Southeastern Freight oppose the motion.

II

A

A party is entitled to intervene as of right under Rule 24(a)(2) if (1) the motion to intervene is timely, (2) the interest asserted by the potential intervenor is related to the action, (3) the interest may be impaired or impeded by the action, and (4) the interest is not adequately represented by the existing parties. *See, e.g.*, *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009); *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994) (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc)).

B

Gossman and Southeastern Freight maintain that Hawkins' motion to intervene is untimely. The court disagrees.

The first element—timeliness—is determined by examining (1) the length of time between the potential intervenor's learning of his interest and his motion to intervene, (2) the extent of prejudice to the existing parties from allowing late intervention, (3) the extent of prejudice to the potential intervenor if the motion is denied, and (4) any unusual circumstances. *See, e.g., Lease Oil Antitrust Litig.*, 570 F.3d at 247-48.

The Rhoades filed their state-court original petition on September 27, 2017, and

Hawkins filed the instant motion to intervene on November 21, 2017. Assuming *arguendo* that Hawkins learned of his interest in the Rhoades' lawsuit on the day they filed their state-court petition,[2] fewer than two months elapsed before Hawkins filed his motion to intervene. Additionally, Hawkins filed his motion to intervene far in advance of the entry of judgment, a factor that supports a finding of timeliness in the Fifth Circuit. *See Edwards v. City of Houston*, 78 F.3d 983, 1001 (5th Cir. 1996) (collecting cases). And Gossman and Southeastern Freight have not articulated a reason for why they would be prejudiced by Hawkins' intervention. Accordingly, the court finds that Hawkins' motion is timely.

C

Gossman and Southeastern Freight next contend that Hawkins has no interest in the transaction that is the subject of the action. They maintain that Hawkins' interest is merely economic because he will seek economic damages. The court disagrees.

To intervene, an applicant "must point to an interest that is direct, substantial, [and] legally protectable." *Ross v. Marshall*, 426 F.3d 745, 757 (5th Cir. 2005). "This requires a showing of something more than a mere economic interest; rather, the interest must be one

---

[2]Gossman and Southeastern Freight maintain that Hawkins' motion is untimely because two years have elapsed since December 18, 2015 (the date of the accident), when he could have sued them, and November 21, 2017 (the date he filed his motion to intervene). The court disagrees. The timeliness clock under Rule 24 starts running when the potential intervenor "actually knew or reasonably should have known of *his interest in the case*," *In re Lease Oil Antitrust Litig.*, 570 F.3d at 248 (emphasis added), not at the time his cause of action accrued. And even assuming *arguendo* that Hawkins delayed the filing of his motion for two years, the other factors discussed by the court favor the conclusion that Hawkins' motion is timely.

which the substantive law recognizes as belonging to or being owned by the applicant." *Id.* (internal quotation marks omitted). Here, Hawkins seeks to recover for personal injuries against Gossman and Southeastern Freight based on various negligence theories under Texas law.[3] The court therefore holds that he has shown a legally protectable interest at stake in the litigation.

D

Finally, Gossman and Southeastern Freight contend that Hawkins has not shown that his interest is not adequately represented by the existing parties. The court disagrees.

A potential intervenor is adequately represented "where a party in the prior suit is so closely aligned to [his] interests as to be [his] virtual representative." *Eubanks v. F.D.I.C.*, 977 F.2d 166, 170 (5th Cir. 1992) (internal quotation marks and citation omitted). "This requires more than a showing of parallel interests—it is not enough that the non-party may be interested in the same questions or proving the same facts." *Id.* "The applicant has the burden of demonstrating inadequate representation, but this burden is minimal." *Sierra Club*, 18 F.3d at 1207 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). "The applicant need only show that representation 'may be' inadequate." *Id.*

In this case, Hawkins maintains that he will not be adequately represented by the Rhoades because he has no contract with them or their counsel. Gossman and Southeastern

---

[3]Gossman and Southeastern Freight also point to Hawkins' failure to identify which vehicle struck him as evidence of his lack of a protectable interest. This argument, however, relates to the merits of the case and not to whether Hawkins has a right to assert under substantive law.

Freight have presented no evidence or argument that Hawkins' interests are identical to those of the Rhoades or of any other parties in this lawsuit. The court therefore holds that Hawkins has satisfied his minimal burden to show that his interests are not adequately represented by the present parties in this suit.

\* \* \*

Accordingly, the court grants Hawkins' motion to intervene and directs the clerk of court to file his proposed complaint today.

**SO ORDERED**.

January 16, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE